BRIAN J. STRETCH (CSBN 163973)
Acting United States Attorney
ALEX G. TSE (CSBN 152348)
Chief, Civil Division
NEILL T. TSENG (CSBN 220348)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7155
    FAX: (415) 436-6748
    neill.tseng@usdoj.gov

Attorneys for Defendant
UNITED STATES DEPARTMENT OF JUSTICE

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, ) | CASE NO. C 15-03503 HSG |
| ) | |
|     Plaintiff, ) | **DEFENDANT'S ANSWER TO COMPLAINT** |
| ) | **FOR INJUNCTIVE RELIEF** |
|   v. ) | |
| ) | |
| UNITED STATES DEPARTMENT OF ) | |
| JUSTICE, ) | |
| ) | |
|     Defendant. ) | |

    Defendant United States Department of Justice ("Defendant" or "DOJ"), by and through its

undersigned counsel, sets forth its answers and affirmative defenses to the Freedom of Information Act

("FOIA") complaint of Plaintiff Freedom of the Press Foundation ("Plaintiff").

## COMPLAINT FOR INJUNCTIVE RELIEF

    1.    Paragraph 1 consists of legal conclusions and Plaintiff's characterization of the nature of

its action, to which no response is required.  To the extent a response may be required, Defendant denies

the allegations.

## PARTIES

    2.    Defendant lacks knowledge or information sufficient to form a belief about the truth of

the allegations in paragraph 2 and on that basis denies the allegations.

3.     In response to paragraph 3, Defendant admits that DOJ is a Department of the Executive Branch of the United States Government, and that the Federal Bureau of Investigation ("FBI") and Office of Information Policy ("OIP") are components of DOJ.  The second sentence of paragraph 3 is a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## JURISDICTION

4.     Paragraph 4 does not contain factual allegations but rather consists of Plaintiff's allegations regarding jurisdiction, which are legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## VENUE AND INTRADISTRICT ASSIGNMENT

5.     Paragraph 5 does not contain factual allegations but rather consists of Plaintiff's allegations regarding venue, which are legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

6.     Paragraph 6 does not contain factual allegations but rather consists of Plaintiff's allegations regarding intradistrict assignment, which are legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## FACTUAL BACKGROUND

7.     Paragraph 7 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.  To the extent a response may be required, Defendant denies the allegations on the ground that the Code of Federal Regulations speaks for itself, and respectfully refers the Court to it for a full and accurate statement of its contents.

8.     Paragraph 8 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.  To the extent a response may be required, Defendant denies the allegations on the ground that the Code of Federal Regulations speaks for itself, and respectfully refers the Court to the cited section for a full and accurate statement of its contents.

9.     Paragraph 9 contains a characterization of the principle subject of Plaintiff's FOIA

1   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

2   To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

3   a belief about the truth of the allegations and on that basis denies the allegations.

4         10.     Paragraph 10 contains a characterization of the principle subject of Plaintiff's FOIA

5   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

6   To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

7   a belief about the truth of the allegations and on that basis denies the allegations.

8         11.     Paragraph 11 contains a characterization of the principle subject of Plaintiff's FOIA

9   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

10   To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

11   a belief about the truth of the allegations and on that basis denies the allegations.

12         12.     Paragraph 12 contains a characterization of the principle subject of Plaintiff's FOIA

13   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

14   To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

15   a belief about the truth of the allegations and on that basis denies the allegations.

16         13.     Paragraph 13 contains a characterization of the principle subject of Plaintiff's FOIA

17   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

18   To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

19   a belief about the truth of the allegations and on that basis denies the allegations.

20         14.     Paragraph 14 contains a characterization of the principle subject of Plaintiff's FOIA

21   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

22   To the extent a response may be required, Defendant denies the allegations on the grounds that the

23   referenced letter from Congress to the Attorney General and referenced testimony from the Attorney

24   General speak for themselves.

25         15.     Paragraph 15 contains a characterization of the principle subject of Plaintiff's FOIA

26   requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

27   To the extent a response may be required, Defendant denies the allegations on the ground that the United

28   States Code speaks for itself, and respectfully refers the Court to the cited section of the United States

1  Code for a full and accurate statement of its contents.

2       16.    Paragraph 16 contains a characterization of the principle subject of Plaintiff's FOIA

3  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

4  To the extent a response may be required, Defendant denies the allegations on the grounds that the

5  United States Code and the cited case law speak for themselves, and respectfully refers the Court to the

6  cited section of the United States Code and the cited case law for a full and accurate statement of their

7  contents.

8       17.    Paragraph 17 contains a characterization of the principle subject of Plaintiff's FOIA

9  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

10  To the extent a response may be required, Defendant admits only that DOJ's Office of the Inspector

11  General ("OIG") issued a report in March 2007 entitled <u>A Review of the Federal Bureau of</u>

12  <u>Investigation's Use of National Security</u>, and a report in March 2008 entitled <u>A Review of the Federal</u>

13  <u>Bureau of Investigation's Use of National Security Letters:  Assessment of Corrective Actions and</u>

14  <u>Examination of NSL Usage in 2006</u>.  Defendant denies the remainder of the allegations on the grounds

15  that the referenced OIG reports speak for themselves, and respectfully refers the Court to the OIG

16  reports for a full and accurate statement of their contents.

17       18.    Paragraph 18 contains a characterization of the principle subject of Plaintiff's FOIA

18  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

19  To the extent a response may be required, Defendant admits only that OIG issued a report in August

20  2014 entitled <u>A Review of the Federal Bureau of Investigation's Use of National Security Letters:</u>

21  <u>Assessment of Progress in Implementing Recommendations and Examination of Use in 2007 through</u>

22  <u>2009</u>.  Defendant denies the remainder of the allegations on the ground that the referenced OIG report

23  speaks for itself, and respectfully refers the Court to the OIG report for a full and accurate statement of

24  its contents.

25       19.    Paragraph 19 contains a characterization of the principle subject of Plaintiff's FOIA

26  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

27  To the extent a response may be required, Defendant admits only that OIG issued a report in January

28  2010 entitled <u>A Review of the Federal Bureau of Investigation's Use of Exigent Letters and Other</u>

Informal Requests for Telephone Records. Defendant denies the remainder of the allegations on the ground that the OIG report speaks for itself, and respectfully refers the Court to the OIG report for a full and accurate statement of its contents.

20.     Paragraph 20 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations in this paragraph on the grounds that the OIG reports speak for themselves, and respectfully refers the Court to the OIG reports for a full and accurate statement of their contents.

21.     Paragraph 21 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

22.     Paragraph 22 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

23.     Paragraph 23 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the Code of Federal Regulations speaks for itself, and respectfully refers the Court to it for a full and accurate statement of its contents.

24.     Paragraph 24 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

25.     Paragraph 25 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

26.     Paragraph 26 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

27.     Paragraph 27 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

28.     Paragraph 28 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant denies the allegations on the ground that the referenced OIG report speaks for itself, and respectfully refers the Court to the cited OIG report for a full and accurate statement of its contents.

29.     Paragraph 29 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required. To the extent a response may be required, Defendant admits only that in July 2013 it issued a document entitled Report On Review Of News Media Policies.  Defendant denies the remainder of the allegations on the ground that the report speaks for itself, and respectfully refers the Court to the report for a full and accurate statement of its contents.

30.     Paragraph 30 contains a characterization of the principle subject of Plaintiff's FOIA requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF
C 15-03503 HSG                                    6

1  To the extent a response may be required, Defendant lacks knowledge or information sufficient to form

2  a belief about the truth of the allegations and on that basis denies the allegations.

3        31.    Paragraph 31 contains a characterization of the principle subject of Plaintiff's FOIA

4  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

5  To the extent a response may be required, Defendant denies the allegations on the ground that the cited

6  provision of the Code of Federal Regulations speaks for itself, and respectfully refers the Court to it for

7  a full and accurate statement of its contents.

8        32.    Paragraph 32 contains a characterization of the principle subject of Plaintiff's FOIA

9  requests and of facts unrelated to Plaintiff's legal claims under FOIA, to which no response is required.

10  To the extent a response may be required, Defendant denies the allegations on the ground that the cited

11  provision of the Code of Federal Regulations speaks for itself, and respectfully refers the Court to it for

12  a full and accurate statement of its contents.

13        33.    In response to paragraph 33, Defendant admits only that the FBI received a FOIA request

14  via letter dated March 10, 2015 from Plaintiff, but notes that the request speaks for itself, and

15  respectfully refers the Court to it for a full and accurate statement of its contents.

16        34.    Defendant admits the allegations in paragraph 34, but notes that the request speaks for

17  itself, and respectfully refers the Court to it for a full and accurate statement of its contents.

18        35.    Defendant admits the allegations in paragraph 35, but notes that the letter speaks for

19  itself, and respectfully refers the Court to it for a full and accurate statement of its contents.

20        36.    In response to paragraph 36, Defendant admits that the FBI has not yet fully resolved

21  Plaintiff's FOIA request.

22        37.    In response to paragraph 37, Defendant admits that Plaintiff sent a letter dated May 18,

23  2015 to OIP, but notes that the letter speaks for itself, and respectfully refers the Court to it for a full and

24  accurate statement of its contents.

25        38.    In response to paragraph 38, Defendant admits that OIP sent a letter dated July 1, 2015 to

26  Plaintiff, but notes that the letter speaks for itself, and respectfully refers the Court to it for a full and

27  accurate statement of its contents.

28        39.    In response to paragraph 39, Defendant admits that OIP sent a letter dated July 15, 2015

to Plaintiff, but notes that the letter speaks for itself, and respectfully refers the Court to it for a full and accurate statement of its contents.

40.   In response to paragraph 40, Defendant admits only that the FBI has not yet fully resolved Plaintiff's FOIA request.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations and on that basis denies the allegations.

41.   In response to paragraph 41, Defendant admits only that the FBI has not yet fully resolved Plaintiff's FOIA request.  The remainder of the allegations are a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

42.   Paragraph 42 contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

43.   In response to paragraph 43, Defendant admits only that the FBI has not yet fully resolved Plaintiff's FOIA request.  The remainder of the allegations are a legal conclusion to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## CAUSE OF ACTION

44.   In response to paragraph 44, Defendant reasserts each of its responses to the preceding paragraphs.

45.   Paragraph 45 contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

46.   Paragraph 46 contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

47.   Paragraph 47 contains legal conclusions to which no response is required.  To the extent a response may be required, Defendant denies the allegations.

## REQUESTED RELIEF

48.   The allegations in the Requested Relief section of the complaint consist of Plaintiff's request for relief, to which no response is required.  To the extent a response may be required, Defendant denies that Plaintiff is entitled to the requested relief and denies that Plaintiff is entitled to any relief whatsoever.

49.   Defendant denies any and all allegations not specifically answered above.

DEFENDANT'S ANSWER TO COMPLAINT FOR INJUNCTIVE RELIEF
C 15-03503 HSG                                     8

In further answer to the complaint and as separate and distinct defenses to Plaintiff's claims set forth in the complaint, Defendant alleges the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12 (b)(6).

### SECOND AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction over Plaintiff's requests for relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compel the production of records protected from disclosure by one or more exemptions pursuant to FOIA.  See 5 U.S.C. § 552(b).

### FOURTH AFFIRMATIVE DEFENSE

At all times alleged in the complaint, Defendant acted in good faith, with justification, and pursuant to authority.

### FIFTH AFFIRMATIVE DEFENSE

Defendant objects to the complaint to the extent that it imposes obligations upon Defendant which exceed those imposed by FOIA.

### SIXTH AFFIRMATIVE DEFENSE

Defendant has insufficient knowledge or information on which to form a belief as to whether Defendant has any additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event any additional defenses would be appropriate.

//

//

//

//

//

//

//

1        WHEREFORE, having fully answered Plaintiff's complaint, Defendant requests that Plaintiff

2 take nothing by way of its complaint, that the same be dismissed with prejudice, and that judgment be

3 awarded in favor of Defendant, together with costs and such other and further relief as the Court may

4 deem just and proper.

5                                    Respectfully submitted,

6                                    BRIAN J. STRETCH

7                                    Acting United States Attorney

8

9 DATED: September 2, 2015                    /s/

                                    NEILL T. TSENG

10                                  Assistant United States Attorney

                                    Attorneys for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28