1

Marcia Hofmann (SBN 250087)
*marcia@marciahofmann.com*

2

25 Taylor Street
San Francisco, CA 94102

3

Telephone: (415) 830-6664

4

D. Victoria Baranetsky (*pro hac vice*)
*victoriabaranetsky@gmail.com*

5

601 Van Ness Ave., Suite E731
San Francisco, CA 94102

6

Telephone: (415) 767-5566

7

Attorneys for Plaintiff
FREEDOM OF THE PRESS FOUNDATION

8

9

10

11

12

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

13

14

15

16

17

18

19

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> JUSTICE, ) <br> ) <br> Defendant. ) <br> ) <br> ) <br> ) | Civil Action No. 15-cv-03503-HSG <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge:  Hon. Haywood S. Gilliam Jr. <br> Date:   November 3, 2015 <br> Time:   2:00 p.m. <br> Place:  Courtroom 15, 18th Floor |

20

21

        Plaintiff Freedom of the Press Foundation ("FPF") and Defendant Department of Justice ("DOJ" or "Defendant") respectfully submit the following joint case management statement.

22

23

**1.      Jurisdiction and Service**

24

25

26

        There are no issues concerning personal jurisdiction, venue, or service of the Complaint. FPF brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served accordingly pursuant to Fed. R. Civ. P. 4(i)(1).

27

28

**2.  Facts**

On March 10, 2015, FPF submitted a Freedom of Information Act request to the Federal Bureau of Investigation ("FBI") seeking all records from January 2009 to the date of the request concerning the Bureau's procedures for issuing national security letters ("NSLs") or exigent letters to obtain information regarding any member of the media. On March 20, 2015, FPF received a letter from the FBI acknowledging the receipt of FPF's FOIA request and informing FPF that expedited processing had been granted. To date, FBI has not completed processing of the request, but has completed its search for responsive records. FPF filed this action on July 30, 2015, seeking injunctive or other appropriate relief to compel the FBI to disclose the requested records pursuant to 5 U.S.C. § 552(a)(4)(B). (Dkt. No. 1.) DOJ filed its answer to the complaint on September 2, 2015. (Dkt. No. 11.)

**3.  Legal Issues**

Whether DOJ has met its obligations to FPF under the FOIA to process FPF's expedited request. 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(iv). As described below in paragraph 4, the DOJ has indicated that it intends to complete processing of FPF's request by December 21, 2015.

**4.  Motions**

To date, no motions have been filed in this case. The DOJ has informed FPF that it expects to be able to complete processing of FPF's expedited FOIA request by December 21, 2015. The DOJ represents that it is possible that future developments may require this date to be extended (if, for example, the DOJ determines that it must refer certain documents and/or parts of the FOIA request to other agencies), and will move the Court accordingly if necessary. Defendant further asserts that it does not believe rolling productions are necessary given the short time frame in which it has agreed to process the entire FOIA request. FPF asserts that rolling production is

appropriate because FPF's request was granted expedited processing and the subject matter is of public concern. FPF also reserves the right to file a motion to compel in case the government does not disclose documents expeditiously or creates unnecessary delay by incorrectly referring documents to other agencies.

After FPF's FOIA request has been processed and FPF determines which withholdings to challenge, if any, the parties anticipate that dispositive briefing will resolve this case at the summary judgment stage. The parties agree that scheduling any such motion is premature at this time.

FPF reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after DOJ files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). FPF also reserves the right to move for attorney's fees if it is unable to reach an agreement with DOJ on this issue after the Court rules on the parties' dispositive motions.

**5.     Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.     Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.     Discovery**

To date, no discovery has been taken by any party, and the parties do not currently

anticipate that discovery will be necessary in this case. Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). FPF reserves the right to seek discovery pursuant to Fed. R. Civ. P. 56(f) after DOJ files its motion for summary judgment and accompanying papers.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Undersigned counsel are unaware of any related cases pending before this Court as defined by Local Rule 3-12.

**11. Relief**

FPF seeks injunctive relief with respect to the release and disclosure of all records responsive to its March 10, 2015 FOIA request. Defendant denies that FPF is entitled to the relief requested, or to any relief whatsoever.

**12. Settlement and ADR**

This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. The parties believe that this case is not well suited to ADR resolution, and therefore have filed a Notice of Need for ADR Phone Conference pursuant to ADR Local Rule 3-5(c)(2). (Dkt. No. 14.) An ADR phone conference was held on October 22, 2015 at 10:30 A.M. Pacific Time. At the conference, parties requested to opt out of ADR. The ADR legal staff reserved decision on ADR and scheduled a follow-up ADR phone conference for January 20, 2015 at 10:00 AM. (Dkt. No. 16.) The parties request that the Court exempt this case from ADR.

**13. Consent to Magistrate for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.    Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.    Narrowing of Issues**

The parties have agreed to confer about narrowing the legal issues remaining in this case once Defendant has completed the processing of FPF's FOIA request. No party requests bifurcation of any issues, claims, or defenses.

**16.    Expedited Schedule**

The parties believe that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable. However, as stated above, FPF contends that the documents, which were granted expedited processing, should be disclosed on a rolling basis in order to facilitate access to the information. Additionally, FPF does not waive the right to file a motion to compel.

**17.    Scheduling**

See paragraph 16 above.

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment.

**19.    Disclosure of Non-Party Interested Entities or Persons**

On July 30, 2015, FPF filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 3.) DOJ has not filed a Certification of Interested Entities or Persons because Local Rule 3-16

excuses government entities or their agencies from this requirement.

      **20.**      **Professional Conduct**

      All attorneys of record have reviewed and agree to abide by the Guidelines for Professional Conduct for the Northern District of California.

      **21.**      **Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

      The parties raise no other matters at this time.

DATED: October 27, 2015             Respectfully submitted,

Marcia Hofmann                BENJAMIN C. MIZER
Law Office of Marcia Hofmann        Principal Deputy Assistant Attorney General
25 Taylor Street
San Francisco, CA  94102           MARCIA BERMAN
Telephone: (415) 830-6664         Assistant Director, Federal Programs Branch

*/s/  D. Victoria Baranetsky*         */s/  Andrew M. Bernie*
D. Victoria Baranetsky (*pro hac vice*)    ANDREW M. BERNIE (D.C. Bar #995376)
601 Van Ness Ave.               Trial Attorney
Suite E731                  U.S. Department of Justice
San Francisco, CA 94102           Civil Division, Federal Programs Branch
Telephone: (415) 767-5566         20 Massachusetts Ave., N.W.
                                Washington, D.C. 20530
ATTORNEYS FOR PLAINTIFF       Telephone: (202) 616-8488
FREEDOM OF THE PRESS FOUNDATION  Facsimile: (202) 616-8470
                                E-mail: andrew.m.bernie@usdoj.gov

                                ATTORNEYS FOR DEFENDANT
                                DEPARTMENT OF JUSTICE

### GENERAL ORDER NO. 45(X) CERTIFICATION

      I attest that I have obtained Andrew M. Bernie's concurrence in the filing of this document.

                                */s/  D. Victoria Baranetsky*
                                D. Victoria Baranetsky