Marcia Hofmann (SBN 250087)
marcia@marciahofmann.com
25 Taylor Street
San Francisco, CA 94102
Telephone: (415) 830-6664

D. Victoria Baranetsky (*pro hac vice*)
victoriabaranetsky@gmail.com
601 Van Ness Ave., Suite E731
San Francisco, CA 94102
Telephone: (415) 767-5566

Attorneys for Plaintiff
FREEDOM OF THE PRESS FOUNDATION

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| FREEDOM OF THE PRESS FOUNDATION, <br><br> Plaintiff, <br><br> v. <br><br> UNITED STATES DEPARTMENT OF JUSTICE, <br><br> Defendant. | Civil Action No. 15-cv-03503-HSG <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> Judge: Hon. Haywood S. Gilliam Jr. <br> Date: January 19, 2016 <br> Time: 2:00 p.m. <br> Place: Courtroom 15, 18th Floor |

Plaintiff Freedom of the Press Foundation ("FPF") and Defendant Department of Justice ("DOJ" or "Defendant") respectfully submit the following joint case management statement in advance of the case management conference scheduled on January 19, 2016.

**1. Jurisdiction and Service**

There are no issues concerning personal jurisdiction, venue, or service of the Complaint. FPF brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B) and 28 U.S.C. § 1331. All parties have been served accordingly pursuant to Fed. R. Civ. P. 4(i)(1).

**2. Facts**

On March 10, 2015, FPF submitted a Freedom of Information Act request to the Federal Bureau of Investigation ("FBI") seeking all records from January 2009 to the date of the request concerning the Bureau's procedures for issuing national security letters ("NSLs") or exigent letters to obtain information regarding any member of the media. FPF filed this action on July 30, 2015, seeking injunctive or other appropriate relief to compel the FBI to disclose the requested records pursuant to 5 U.S.C. § 552(a)(4)(B). (Dkt. No. 1.) DOJ filed its answer to the complaint on September 2, 2015. (Dkt. No. 11.) DOJ finished processing FPF's expedited FOIA request and disclosed responsive records to FPF on December 22, 2015 and January 6, 2016.

**3. Legal Issues**

Whether DOJ has met its obligations to FPF under the FOIA to process FPF's expedited request. 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(iv).

**4. Motions**

No motions have been filed in this case. The parties anticipate that summary judgment briefing will be necessary on the issues of 1) the adequacy of DOJ's search for responsive records and 2) its assertion of exemptions. To date, the parties have not agreed upon a schedule for summary judgment briefing, and expect to update the Court on the status of those discussions during the January 19, 2016 case management conference.

FPF reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after DOJ files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). FPF also reserves the right to move for attorney's fees if it is unable to reach an agreement with DOJ on this issue after the Court rules on the parties' dispositive motions.

//

**5.     Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.     Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7.     Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.     Discovery**

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary in this case. Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). FPF reserves the right to seek discovery pursuant to Federal Rule of Civil Procedure 56(f) after DOJ files its motion for summary judgment and accompanying papers.

**9.     Class Actions**

This case is not a class action.

**10.    Related Cases**

Undersigned counsel are unaware of any related cases pending before this Court as defined by Local Rule 3-12.

**11.    Relief**

FPF seeks injunctive relief with respect to the release and disclosure of all records

responsive to its March 10, 2015 FOIA request. Defendant denies that FPF is entitled to the relief requested, or to any relief whatsoever.

**12.     Settlement and ADR**

This case has been assigned to the ADR Multi-Option Program, and the parties have conferred about ADR processes in conformance with ADR Local Rule 3-5. An ADR phone conference was held on October 22, 2015 at 10:30 A.M. Pacific Time, and the parties requested to opt out of ADR. The ADR legal staff reserved decision on ADR and scheduled a follow-up ADR phone conference for January 20, 2015 at 10:00 A.M. Pacific Time. (Dkt. No. 16.) The parties continue to believe that this case is not well suited to ADR resolution and request that the Court exempt this case from ADR.

**13.     Consent to Magistrate for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14.     Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

**15.     Narrowing of Issues**

The parties will discuss narrowing the legal issues remaining in this case in advance of summary judgment briefing.  No party requests bifurcation of any issues, claims, or defenses.

**16.     Expedited Schedule**

The parties believe that this case can be resolved on summary judgment.  The expedited trial procedure is therefore inapplicable.

**17.     Scheduling**

See paragraph 16 above.

**18. Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment.

**19. Disclosure of Non-Party Interested Entities or Persons**

On July 30, 2015, FPF filed a Certification of Interested Entities or Persons as required by Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No. 3.) DOJ has not filed a Certification of Interested Entities or Persons because Local Rule 3-16 excuses government entities or their agencies from this requirement.

**20. Professional Conduct**

All attorneys of record have reviewed and agree to abide by the Guidelines for Professional Conduct for the Northern District of California.

**21. Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

The parties raise no other matters at this time.

//
//
//
//
//
//
//
//
//
//
//
//

| | | |
|---|---|---|
| DATED: January 12, 2016 | | Respectfully submitted, |

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

*/s/ Marcia Hofmann*
Marcia Hofmann
Law Office of Marcia Hofmann
25 Taylor Street
San Francisco, CA 94102
Telephone: (415) 830-6664

MARCIA BERMAN
Assistant Director, Federal Programs Branch

*/s/ Andrew M. Bernie*
ANDREW M. BERNIE (D.C. Bar #995376)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.
Washington, D.C. 20530
Telephone: (202) 616-8488
Facsimile: (202) 616-8470
E-mail: andrew.m.bernie@usdoj.gov

D. Victoria Baranetsky (*pro hac vice*)
601 Van Ness Ave.
Suite E731
San Francisco, CA 94102
Telephone: (415) 767-5566

ATTORNEYS FOR PLAINTIFF
FREEDOM OF THE PRESS FOUNDATION

ATTORNEYS FOR DEFENDANT
DEPARTMENT OF JUSTICE

**GENERAL ORDER NO. 45(X) CERTIFICATION**

I attest that I have obtained Andrew M. Bernie's concurrence in the filing of this document.

*/s/ Marcia Hofmann*
Marcia Hofmann