1

Marcia Hofmann (SBN 250087)
Zeitgeist Law PC
marcia@zeitgeist.law
25 Taylor Street
San Francisco, CA 94102
Telephone: (415) 830-6664

2

3

4

5

D. Victoria Baranetsky (*pro hac vice*)
victoriabaranetsky@gmail.com
601 Van Ness Ave., Suite E731
San Francisco, CA 94102
Telephone: (415) 767-5566

6

7

8

Attorneys for Plaintiff
FREEDOM OF THE PRESS FOUNDATION

9

10

**UNITED STATES DISTRICT COURT**

11

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

**SAN FRANCISCO DIVISION**

13

FREEDOM OF THE PRESS FOUNDATION,  )

Civil Action No. 15-cv-03503-HSG

14

Plaintiff,  )

**JOINT CASE MANAGEMENT STATEMENT**

15

v.  )

16

UNITED STATES DEPARTMENT OF
JUSTICE,  )

Judge:  Hon. Haywood S. Gilliam Jr.
Date:  April 1, 2016

17

18

Defendant.  )

19

20

21

Plaintiff Freedom of the Press Foundation ("FPF") and Defendant Department of Justice

22

("DOJ" or "Defendant") respectfully submit the following joint case management statement in

23

accordance with this Court's Order entered on January 21, 2016. (Dkt. No. 26.).

24

**1.    Jurisdiction and Service**

25

There are no issues concerning personal jurisdiction, venue, or service of the Complaint.

26

FPF brought this action under the Freedom of Information Act ("FOIA"), 5 U.S.C § 552(a)(4)(B)

27

and 28 U.S.C. § 1331. All parties have been served accordingly pursuant to Fed. R. Civ. P. 4(i)(1).

28

**2. Facts**

On March 10, 2015, FPF submitted a Freedom of Information Act request to the Federal Bureau of Investigation ("FBI") seeking all records from January 2009 to the date of the request concerning the Bureau's procedures for issuing national security letters ("NSLs") or exigent letters to obtain information regarding any member of the media.

FPF filed this action on July 30, 2015, seeking injunctive or other appropriate relief to compel the FBI to disclose the requested records pursuant to 5 U.S.C. § 552(a)(4)(B). (Dkt. No. 1.) DOJ filed its answer to the complaint on September 2, 2015. (Dkt. No. 11.) DOJ finished processing FPF's expedited FOIA request and disclosed responsive records to FPF on December 22, 2015 and January 6, 2016. DOJ identified and reviewed 436 responsive pages in total. Of these 436 pages, 57 pages were released in full, 171 pages were released in part, 156 pages were withheld in full, and 52 pages were withheld because they were duplicates of pages already processed. The FBI also referred 62 pages to the Office of Information Policy for consultation. The pages withheld in part or full were done so pursuant to 5 U.S.C. § 552(b)(1), (3), (5), (6), (7)(C), and (7)(E).

On March 21, 2016, the DOJ provided FPF a draft *Vaughn* showing explaining the FBI's search for responsive records and describing the basis for the FBI's withholdings. On March 29, 2016, FPF notified the DOJ that motion practice will be necessary to resolve the issues remaining in this litigation.

**3. Legal Issues**

Whether DOJ has met its obligations to FPF under the FOIA to process FPF's expedited request. 5 U.S.C. § 552(a)(6)(E)(v)(II); *see also* 28 C.F.R. § 16.5(e)(1)(iv).

**4. Motions**

The parties have already agreed upon a schedule for summary judgment briefing, which

was approved in the Court's January 21, 2016 order. The briefing schedule is set out in paragraph 17 below.

FPF reserves the right to seek discovery under Fed. R. Civ. P. 56(f) after DOJ files its motion for summary judgment and supporting declarations or indices pursuant to *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973). FPF also reserves the right to move for attorney's fees if it is unable to reach an agreement with DOJ on this issue after the Court rules on the parties' dispositive motions.

**5.       Amendment of Pleadings**

Neither party anticipates amending its pleadings to add or dismiss claims or defenses.

**6.       Evidence Preservation**

Counsel have discussed evidence preservation and have explained this obligation to the parties. Defendant acknowledges its duty to preserve relevant materials in accordance with applicable rules and case law.

**7.       Disclosures**

The parties agree that initial disclosures are not necessary in this case, as this is a FOIA action for which there is no need to exchange such disclosures.

**8.       Discovery**

To date, no discovery has been taken by any party, and the parties do not currently anticipate that discovery will be necessary in this case. Defendant notes that discovery is generally not appropriate in FOIA actions. *See Lane v. Dep't of Interior*, 523 F.3d 1128, 1134 (9th Cir. 2008) (stating that in FOIA "cases courts may allow the government to move for summary judgment before the plaintiff conducts discovery"). FPF reserves the right to seek discovery pursuant to Federal Rule of Civil Procedure 56(f) after DOJ files its motion for summary judgment and accompanying papers.

**9. Class Actions**

This case is not a class action.

**10. Related Cases**

Undersigned counsel are unaware of any related cases pending before this Court as defined by Local Rule 3-12.

**11. Relief**

FPF seeks injunctive relief with respect to the release and disclosure of all records responsive to its March 10, 2015 FOIA request. Defendant denies that FPF is entitled to the relief requested, or to any relief whatsoever.

**12. Settlement and ADR**

This case was assigned to the ADR Multi-Option Program, and the parties conferred about ADR processes in conformance with ADR Local Rule 3-5. An ADR phone conference was held on October 22, 2015, and the parties requested to opt out of ADR. The ADR legal staff reserved decision and scheduled a follow-up ADR phone conference on January 20, 2016. (Dkt. No. 16.) During this call, the parties expressed the view that the case is not well suited to ADR resolution. Given the Court's entry of a summary judgment motion schedule, the parties' understanding is that this Court has exempted this case from ADR.

**13. Consent to Magistrate for All Purposes**

The parties do not consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

**14. Other References**

The parties agree that this case is not suitable for reference to binding arbitration or a special master, or reference to the Judicial Panel on Multidistrict Litigation.

//

**15.    Narrowing of Issues**

The parties have discussed narrowing the legal issues remaining in this case in advance of summary judgment briefing. After reviewing the DOJ's draft *Vaughn* showing, FPF has informed the DOJ that it does not intend to challenge any redactions made pursuant to 5 U.S.C. §§ 552(b)(6) and (b)(7)(C), nor the withholding of duplicative records (FPF 157-208). No party requests bifurcation of any issues, claims, or defenses.

**16.    Expedited Schedule**

The parties believe that this case can be resolved on summary judgment. The expedited trial procedure is therefore inapplicable.

**17.    Scheduling**

The parties have agreed upon the following schedule for summary judgment briefing, which was approved by the Court in its January 21, 2016 order:

i.      May 9, 2016 for the DOJ's motion for summary judgment.

ii.     June 10, 2016 for FPF's opposition to the DOJ's motion, and any cross-motion for summary judgment by FPF.

iii.    July 1, 2016 for the DOJ's reply in support of its motion for summary judgment and opposition to FPF's cross-motion if a cross-motion is filed.

iv.     July 25, 2016 for FPF's reply in support of FPF's cross-motion if a cross motion is filed.

**18.    Trial**

The parties anticipate that this entire case will be resolved by the Court on summary judgment.

**19.    Disclosure of Non-Party Interested Entities or Persons**

On July 30, 2015, FPF filed a Certification of Interested Entities or Persons as required by

JOINT CASE MANAGEMENT CONFERENCE STATEMENT

1 | Local Rule 3-16 stating that, aside from the named parties, there is no interest to report. (Dkt. No.

2 | 3.) DOJ has not filed a Certification of Interested Entities or Persons because Local Rule 3-16

3 | excuses government entities or their agencies from this requirement.

4 |

    **20.**     **Professional Conduct**

    All attorneys of record have reviewed and agree to abide by the Guidelines for Professional

Conduct for the Northern District of California.

    **21.**     **Other Matters As May Facilitate the Just, Speedy and Inexpensive Disposition of This Matter**

    The parties raise no other matters at this time.

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

//

DATED: April 1, 2016                         Respectfully submitted,


Marcia Hofmann                               BENJAMIN C. MIZER
Zeitgeist Law PC                             Principal Deputy Assistant Attorney General
25 Taylor Street
San Francisco, CA  94102                     MARCIA BERMAN
Telephone: (415) 830-6664                    Assistant Director, Federal Programs Branch

*/s/ D. Victoria Baranetsky*                 */s/  Andrew M. Bernie*
D. Victoria Baranetsky (*pro hac vice*)      ANDREW M. BERNIE (D.C. Bar #995376)
601 Van Ness Ave.                            Trial Attorney
Suite E731                                   U.S. Department of Justice
San Francisco, CA 94102                      Civil Division, Federal Programs Branch
Telephone: (415) 767-5566                    20 Massachusetts Ave., N.W.
                                             Washington, D.C. 20530
ATTORNEYS FOR PLAINTIFF                       Telephone: (202) 616-8488
FREEDOM OF THE PRESS FOUNDATION              Facsimile: (202) 616-8470
                                             E-mail: andrew.m.bernie@usdoj.gov

                                             ATTORNEYS FOR DEFENDANT
                                             DEPARTMENT OF JUSTICE


## GENERAL ORDER NO. 45(X) CERTIFICATION

I attest that I have obtained Andrew M. Bernie's concurrence in the filing of this document.

*/s/ D. Victoria Baranetsky*
D. Victoria Baranetsky